UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Henley, # 303810,<br><br>                     Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections,<br><br>                     Defendant. | C/A No. 8:10-1895-JFA-BHH<br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. He originally submitted a pleading entitled Motion to Appeal Administrative Law Court Order of Remand for Re-Hearing, which was docketed as the complaint. The original pleading reveals that the plaintiff was convicted in a prison disciplinary proceeding of striking an inmate without a weapon. The plaintiff filed step 1 and step 2 appeals, and later appealed to South Carolina's Administrative Law Court (Docket No. 10-ALC-4-0306-AP). While the appeal was pending before the Administrative Law Court, counsel for the South Carolina Department of Corrections filed a motion to remand based on errors allegedly discovered when the hearing tape was transcribed. The Administrative Law Court granted the SCDC's motion to remand in an order filed on July 12, 2010 (Entry No. 1-2, at page 4).

1

In an order filed in this case on July 26, 2010, the undersigned directed the plaintiff to submit a motion to proceed *in forma pauperis* and a Financial Certificate within twenty-one (21) days. Prior to the expiration of the 21-day deadline, the plaintiff submitted an amended complaint/supplement (Entry No. 7) on August 9, 2010. The plaintiff, however, did not submit the motion to proceed *in forma pauperis* or the Financial Certificate at that time.

On August 18, 2010, the plaintiff submitted a letter (Entry No. 10), in which he states that he does not want to incur the filing fee in this case because he does not have any money. The plaintiff has attached a Financial Certificate and a Form AO 240 to his letter Entry No. 10-1). The plaintiff also states that he wishes to have his complaint transferred to the South Carolina Court of Appeals.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[3] This prohibition on review of state court proceedings or

---

[3]In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874). *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St.*
(continued...)

4

judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See*, *e.g.*, *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484-86, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). Although the *Rooker-Feldman* was limited in *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280 (2005) (*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself), it is clear that, in this civil rights action, this federal court cannot set aside the Order of Remand issued by the South Carolina Administrative Law Court on July 12, 2010. *See also Davani v. Virginia Dept. of Transp*., 434 F.3d 712 (4th Cir. 2006).

Moreover, this federal court cannot issue a writ of mandamus to force the South Carolina Administrative Law Court to reconsider its Order of Remand on July 12, 2010. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).

---

(...continued)
*Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See*, *e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed*, *Virginia Beach Policeman's Benevolent Association v. Reich*, No. 95-1773 and No. 95-2013, 96 F.3d 1440 [Table], 1996 U.S.App. LEXIS 28823, 1996 WL 511426 (4th Cir., June 5, 1996). Hence, the plaintiff cannot obtain mandamus relief in this federal district court against the defendant in the above-captioned case or against the Administrative Law Court, which issued the Order of Remand.

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*,

6

the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]"  851 F.2d at 74.  *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh* and *Todd v. Baskerville* and, therefore, was subject to summary dismissal.  *Craigo v. Hey*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990).

Moreover, this federal court cannot "transfer" a case to state court that was originally filed in federal court, even if a state court turns out to be the appropriate forum.  *See Wors v. Sling Medical, Inc.*, Case No. 10-cv-0106-MJR, 2010 U.S. Dist. LEXIS 47678, 2010 WL 1963201 (S.D. Ill., May 14, 2010) ("However, a federal court cannot transfer a case to a state court, so § 1404 is inapplicable here."); *Pan Am Flight 73 Liaison Group v. Dave*, No. 10-mc-0077(JDB), ___ F. Supp. 2d ___, 2010 U.S. Dist. LEXIS 46623, 2010 WL 1889167 (D.D.C., May 12, 2010) ("A federal court cannot transfer a case to state court pursuant to 28 U.S.C. § 1404(a)."); and *P & J Resources, Inc. v. Superior Well Services, Inc.*, Civil Action No. 09-95-ART, 2010 U.S. Dist. LEXIS 33444, 2010 WL 1416791 (E.D. Ky., April 5, 2010) ("Here, the Court cannot transfer the action to its proper forum in state court.").

## *Recommendation*

Accordingly, it is recommended that the District Court treat the letter filed on August 18, 2010, as a Request for Voluntary Dismissal *without prejudice* and that District

Court dismiss the above-captioned case *without prejudice*. The plaintiff's attention is directed to the important Notice on the next page.[4]

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

August 19, 2010
Greenville, South Carolina

---

[4]The Federal Station Post Office on the first floor of the United States Courthouse in Greenville, South Carolina, will permanently close on September 4, 2010. Hence, correspondence addressed to the Clerk's Office in Greenville should now be sent to Clerk's Office, United States District Court, 300 East Washington Street — Suite 239, Greenville, South Carolina 29601.

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Suite 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).